[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a vexatious litigation suit brought by the plaintiffs, William Kanter and Polly Kanter, against the defendants, Robert Gelormino and Accent Kitchen and Bath, Inc. The action was subsequently withdrawn as to the corporate defendant. The amended complaint alleges that Gelormino is the sole shareholder and an officer and director of the corporate defendant which, in 1991, brought a small claims action against the plaintiffs in Winsted seeking $984; that following a hearing, judgment was rendered in favor of the plaintiffs in the small claims action; that the small claims action was brought without probable cause and with malicious intent to vex and trouble the CT Page 2072 plaintiffs; and that the defendant is liable for double and treble damages pursuant to General Statutes § 52-568. This statute provides in pertinent part that: "[a]ny person who commences and prosecutes any civil action or complaint against another . . . (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages."
A default entered against the defendant Gelormino due to his failure to appear and the matter was heard at a hearing in damages. The evidence offered at this hearing disclosed the following: (1) that the plaintiffs, as homeowners, sought and obtained a quote or bid from the defendants, among others, in connection with some kitchen renovation to be performed at their home in New Canaan; (2) that a contract was ultimately awarded to another kitchen and bath contractor; and (3) that at the small claims hearing, the defendant offered into evidence a letter dated March 26, 1991, purportedly sent to the plaintiffs in the present action, which included an invoice for "consultation fees and services rendered to you for the period covering December 1990 to February 1991." The plaintiffs submitted at the hearing in damages a letter from Gelormino, of the same date, also addressed to them, which was almost identical to the letter submitted in evidence at the small claims hearing. However, the letter that they actually received from Gelormino sought payment for "the amount of time spent on the quote." According to the plaintiffs, the submission by Gelormino of a false letter that they never received, which claimed a fee for "consultation fees and services rendered," exhibited lack of probable cause and malice in bringing the small claims action, thus justifying double and treble damages under General Statutes § 52-568.
In an action for vexatious litigation, one must prove lack of probable cause, malice, and termination of the prior suit in favor of the plaintiff. Blake v. Levy, 191 Conn. 257, 263,464 A.2d 52 (1983). In DeLaurentis v. City of New Haven, 220 Conn. 225,256, 597 A.2d 807 (1991), probable cause was defined as follows: "the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of. . . Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." Furthermore, a defendant in a CT Page 2073 vexatious litigation suit is said to have acted with malice "if he acted primarily for an improper purpose; that is, for a purpose other than that of securing the proper adjudication of the claim on which [the proceedings] are based" (Internal quotation marks omitted.) Id., 256 n. 16.
This court has concluded that the defendant's substitution and submission into evidence of a different letter than the one actually sent to the plaintiffs, which manufactured a new basis for the claimed fee due, "consultation" rather than the word "quote" in the genuine letter constitutes lack of probable cause and malice on the part of the defendant, thus justifying the imposition of enhanced damages.
The next issue is to determine the proper measure of damages in a vexatious litigation suit. The plaintiffs' claim is composed of three elements: (1) legal and related expenses incurred by the plaintiffs in successfully defending the small claims action; (2) reimbursement of "the reasonable value of [William Kanter's] own time, measured by the hourly fee he charges as a printing consultant, in having to defend [the small claims action];" and (3) legal fees incurred in the prosecution of the within vexatious litigation suit.
The damages that may be awarded to a plaintiff in a vexatious litigation suit brought pursuant to General Statutes § 52-568, according to DeLaurentis v. City of New Haven, supra,220 Conn. 269 n. 27, are double the plaintiff's compensatory damages, or treble damages if the plaintiff has proven "actual malice, that is, had proved malice by means of evidence with respect to the [defendant's] mental state . . . ." referring to a malicious intent on the part of the defendant. In the present case, the court finds malicious intent because, as pointed out previously, the defendant made false representations to the court in Litchfield by substituting evidence. Accordingly, damages are calculated by determining compensatory damages and then tripling that amount. Yatsenick v. Himes, 11 Conn. L. Rptr. 31, 34 n. 4 (February 1, 1994, Gaffney, J.).
Thus, according to the evidence presented at the hearing in damages, compensatory damages arising from the underlying litigation in Litchfield consist of legal fees of $1,427 paid to the firm of Cramer Anderson and $450 to an Attorney Moller. In addition, the plaintiffs spent $130 in travel, at $.22 a mile, to confer with their attorneys. The plaintiffs also seek $2,050 as CT Page 2074 reimbursement at an hourly rate for money lost by Mr. Kanter as a printing consultant while consulting with his attorneys. The plaintiffs cite to Sterling v. Adams, 2 Day 411, 413 (1809), as authority for this claim. However, the case holds that expenses in defending a suit may be allowed, such as legal fees, and the cost of consulting with lawyers, such as travel, but does not permit reimbursement for loss of income during such consultations. Hence, the claim for $2,050 is denied. In addition, the plaintiffs incurred legal fees of $5,563 in prosecuting the present action. Therefore, compensatory damages total $7,570 which, when tripled, total $22,710, and judgment may enter for the plaintiffs against the defendant in that amount.
So Ordered.
Dated at Stamford, Connecticut, this 15th day of March, 1995.
William B. Lewis, Judge